May Term,
1848.

SHOUP
v.
COOK.

*Per Curiam.*—The decree is affirmed with costs, &c.

*J. G. Marshall* and *J. Glass*, for the plaintiff.

*W. M. Dunn* and *M. G. Bright*, for the defendant.

---

## SHOUP *v.* COOK and Another.

The failure of the obligor to comply with the conditions of a bond executed for the sale of land, is no ground of equitable jurisdiction for the cancellation of that instrument.

ERROR to the *Fayette* Circuit Court.

Wednesday,
July 5.

SMITH, J.—*Cook* and *Cockran*, the defendants in error, filed a bill in chancery against *Shoup*, the plaintiff, alleging, that on the 10th of *September*, 1841, they purchased of the latter a certain tract of land for 300 dollars, which they paid, and received from him a bond for a deed. The bond was for the penalty of 600 dollars, and was upon condition that *Shoup* should make a deed to *Cook* and *Cockran*, as soon as he himself should obtain a deed for said tract of land from "the estate of *James Potts*, deceased." The bill then alleges that, at the time of the contract, *Shoup* was entitled to a deed from the heirs of the said *James Potts*, and that, on proper application to the Circuit Court of *Franklin* county, he could readily have procured one, but that he had neglected to make such application, and, consequently, had failed and refused to make a deed to the complainants. The prayer is for the cancellation of the bond, and a decree against *Shoup* for the amount of the purchase money paid to

May Term, 1848.

him, with interest. The Court, upon the hearing, rendered such a decree.

We can perceive no ground for the interposition of a Court of Equity, to cancel a contract, for the reasons alleged in this bill. For the failure to make a deed, the parties themselves had expressly provided a remedy, which could have been enforced at law, and was, in all respects, as full and complete as any that could be afforded in equity. There appears, admitting all that is charged to be true, to have been simply a failure to comply with the conditions of the bond, which is, certainly, no ground of equitable jurisdiction for the cancellation of such an instrument.

*Per Curiam.* — The decree is reversed with costs. Cause remanded, &c.

*J. A. Matson*, for the plaintiff.

*J. A. Fay*, for the defendants.